**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Gudrun J. Rice**

Criminal Case No. 07-mj-01189-GJR

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL BISHOP,

    Defendant.

---

**RULING ON GOVERNMENT'S NOTICE OF INTENT TO ADDUCE EVIDENCE**

---

This matter is set for a jury trial on April 22, 2008. The Defendant is charged with knowingly and intentionally providing hunting related services, on or about October 13, 2006, in the State and District of Colorado, near Monument Peak area of Garfield County, on lands administered by the Bureau of Land Management (BLM) without first having obtained a special recreation permit from the BLM and without paying fees as required, in violation of 43 C.F.R. 2932.57(a)(1).

The crime of unlawful commercial use of lands administered by the BLM without obtaining a permit, as charged in the Information, has four elements, which are:

  1) Defendant;

  2) Knowingly;

  3) Made commercial use of lands administered by the BLM

  4) Without obtaining a special recreation permit therefore.

*Knowingly* means that the act was done voluntarily and intentionally, and not because of mistake or accident.

*Commercial use* means recreational use of the public lands for business or financial gain. (Source: Tenth Circuit Pattern Jury Instructions)

The Government has given notice of intent to adduce evidence of other acts pursuant to Fed.R.Evid. 404(b) and other acts inextricably intertwined (res gestae).

The Government seeks to introduce evidence that on October 22, 2000 the Defendant provided hunting related services in the Monument Peak area of Garfield County, Colorado on lands administered by the BLM without obtaining the required special recreation permit. The Defendant pleaded guilty to that offense in case number 02-074M on October 8, 2002 before this court.

The Government also seeks to introduce evidence that in October 2006 Defendant had established a hunting camp and was providing hunting related services on a nearby ranch owned by Jim Goff, without permission from Goff and as a trespasser, and that when confronted by Goff Defendant claimed that the camp was on lands administered by the BLM.

Fed.R.Evid. 404(b) states:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident....

In analyzing whether the evidence that the Government seeks to adduce may be admitted at trial I look to the Tenth Circuit case, cited by both the Government and the Defendant, *United States v. Tan*, 254 F.3d 1204 (10th Cir. 2001).

"Evidence of other bad acts is properly admitted if four requirements are met: (1) the evidence

is offered for a proper purpose under Fed.R.Evid. 404(b); (2) the evidence is relevant under Fed.R.Evid. 401; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Fed.R.Evid. 403; and, (4) the district court, upon request, instructs the jury to consider the evidence only for the purpose for which it was admitted." (Citations omitted) *Tan, supra,* at 1207.

The Government asserts that evidence that the Defendant pleaded guilty in 2002 to providing hunting related services on October 22, 2000 in the Monument Peak area of Garfield County on lands administered by the BLM without obtaining the special recreation permit required is material to the case before the court to show knowledge by the Defendant of the requirements of the permit and that the lands in question were administered by the BLM, intent, plan, identity and absence of mistake or accident and that the Defendant's business is that of an outfitter.

On October 8, 2002 Defendant entered a plea of guilty to the charge that on or about October 22, 2000 in the State and District of Colorado, near the Monument Peak area of Garfield County, he knowingly and intentionally provided hunting related services on lands administered by the Bureau of Land Management (BLM) without having first obtained a special recreation permit from the BLM. The matter came before the court on a plea agreement. The Defendant was not represented by an attorney. The parties stipulated to the following facts:

"The parties agree that the government's evidence would be: In October, 2000 during the fall big game hunting season, BLM employees observed Michael Bishop and at least one other person associated with him, on BLM lands in an area between Rifle and Meeker, Colorado. These BLM lands are located adjacent to private lands and lodge facilities owned by the Defendant.

The BLM employees also observed several out-of state-hunters with the Defendant. The

3

Defendant, and at least one other person associated with him, were observed to be providing hunting-related services to this group, such as scouting and packing out harvested animals. Additionally, a hunting camp and equipment belonging to the Defendant were found on the BLM lands.

The Defendant received cash compensation from the hunters for the above described services."

I conclude that evidence of Defendant's plea of guilty in case number 02-074M to providing hunting related services in the Monument Peak area of Garfield County, Colorado on lands administered by BLM on or about October 22, 2000 is offered for a proper purpose under Rule 404(b). The evidence is admissible for purposes such as knowledge, intent, absence of mistake or accident. I find that the evidence is relevant under Rule 401 and that the probative value is not substantially outweighed by its potential for unfair prejudice. The court will, upon request, instruct the jury to consider the evidence only for the purpose for which it is admitted.

The Government would also offer testimony from persons having knowledge of the events in October 2000 concerning payment of money, deposits, hunting locations, access, food and lodging, etc., and the Defendant's relationship with Hal Claycomb, which the Government asserts would parallel and be similar to the anticipated testimony offered to prove the charge that the Defendant violated the law in October 2006.

I conclude, based on the information currently before me, that testimony concerning the underlying facts of the hunting expedition in the year 2000, other than those stipulated to by the parties in 2002, would not serve, in the case before the court, a proper purpose under Rule 404(b). As the Defendant states in his brief, the facts in case 02-074 M are not essential to a full explanation of the facts in the present case, which constitute a separate set of circumstances that stand on their

4

own. I find that testimony concerning the details of the hunting arrangements made by the Defendant in 2000 do not tend to prove a material fact in the case before the court. Propensity or Defendant's alleged criminal disposition are not proper purposes under Rule 404(b).

Because I find that the purpose of the offered evidence is not proper, I do not consider whether the evidence arising out of the hunting services provided in 2000 is relevant to the charge before the court under Rule 401, nor do I determine whether the probative value of the evidence outweighs the potential for unfair prejudice to the Defendant under Rule 403. However, it is likely that information additional to the stipulated facts set forth above would be considered potentially unfairly prejudicial to the Defendant.

Finally, the Government seeks to introduce evidence that in October 2006 Defendant had established a hunting camp and was providing services on a nearby ranch owned by Jim Goff, without permission from Goff and as a trespasser, and, that when confronted by Goff, Defendant claimed that the camp was on lands administered by the BLM. The Government argues that the procedural test for admissibility outlined in *Tan, supra,* does not apply to evidence of acts considered intrinsic to the offense charged. The Government asserts that the evidence is material and will be offered to show the Defendant's intent to offer such services on lands administered by the BLM, plan, identity, and absence of mistake or accident and that the Defendant's business is that of an outfitter.

Considering *United States v. Green*, 175 F.3d 822, 831 (10th Cir. 1999) and *U.S. v. Lambert,* 995 F.2d 1006 (10th Cir. 1993), I find that the statements by the Defendant to Goff are not intrinsic, but rather extrinsic to the charged crime and subject to the same Rule 404(b) analysis as set forth in *Tan.*

I conclude that the evidence is offered for a proper purpose under Fed.R.Evid. 404(b) and

is admissible for purposes such as intent, plan and absence of mistake or accident. I also conclude that the evidence is relevant under Rule 401 and that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Rule 403. The court, upon request, will instruct the jury to consider the evidence only for the purpose for which it was admitted.

DATED this 17th day of April, 2008.

BY THE COURT:

s/ Gudrun J. Rice
_____
Gudrun J. Rice
U.S. Magistrate Judge